### DISTRICT OF COLUMBIA *v.* CLUSS.

1. In 1870, the Board of Trustees of Colored Schools for the District of Columbia had authority to employ an architect to prepare the plans and specifications for a school-house in Washington, and superintend its construction, and could, as the agent of the District, bind it to pay him for his services.
2. The disallowance of his claim by the board of audit constituted by the act of June 20, 1874, c. 337 (18 Stat., pt. 3, p. 116), does not bar his right of recovery.
3. The corporation which the act of Feb. 21, 1871, c. 62 (16 Stat. 419), created by the name of the District of Columbia succeeded to the property and liabilities of the corporations which were thereby abolished.

ERROR to the Supreme Court of the District of Columbia. The facts are stated in the opinion of the court.

*Mr. Albert G. Riddle* for the plaintiff in error.
*Mr. Enoch Totten, contra.*

MR. JUSTICE FIELD delivered the opinion of the court.

In 1870, the Board of Trustees of Colored Schools for the District of Columbia employed the plaintiff, who is an architect by profession, to prepare the plans and specifications for a school-house in Washington, and to superintend its construction, agreeing to give him for his services five per cent on the cost of the building. This was the ordinary rate of charge as compensation for similar services in the District. In 1872, the building was constructed, and cost about $66,000. The board of trustees approved of the work, and paid the plaintiff $1,100 in cash, and gave him a voucher for $2,155 more, being for the balance due, and also the sum of $255 for services in superintending repairs upon other buildings. This voucher the plain-

tiff sold and delivered to the Freedman's Savings and Trust Company, for whose benefit this action is brought.

The Board of Trustees of Colored Schools has since been abolished, and a new board organized to take charge of all the public schools, whether of white or colored children. But when the original board existed it was the agent of the District for the purposes intrusted to it, and could bind the District for the services rendered by the plaintiff. The building constructed, and the other buildings upon which the repairs were made under his superintendence, belong to the District and are used by it for colored schools, yet the amount due him for which the voucher was given has never been paid. The jury were of opinion that the District should pay it, and we agree with them.

The disallowance of the claim by the board of audit, if such had been allowed to be proved, would not have concluded the plaintiff. That board was not a judicial body, whose action was final; it exercised little more than the functions of an accountant. A claim allowed by it was not necessarily a valid one; a claim disallowed was not, therefore, illegal. Its action either way left the matter open to contestation in the courts.

Though the contract of the plaintiff with the board of trustees was made before the act creating the District into one municipal corporation, the work was not completed until afterwards, when it was accepted and approved. The new corporation succeeded to the property of the two former ones, and also to their liabilities.

*Judgment affirmed.*