Scorield, J.,
delivered the opinion of the court:
In 1875 and 1876 the claimant entered into divers contracts with the defendant, in which he agreed to furnish materials and perform the work in the improvement of streets and the construction of sewers in the District of Columbia. The contract requirements were all executed and claimant was paid in full therefor, except certain sums retained as guaranty for the character of the work. These sums amount to $1,797.53. The terms of the guaranty are fulfilled, and the claimant is entitled now to claim this balance, and it is so admitted by the defendant.
The only contest in the case is over the counter-claim. It grows out of the following facts:
One of these contracts required the claimant to pave Bridge street, in Georgetown, with “granite Belgian blocks.” He paved the street according to contract. The contract provided that he should be paid according to the “ prices established and paid by the Board of Public Works for work of a similar character.”
From the facts stated in finding III the court concludes that the price established and paid by the Board of Public Works for this kind of pavement, including two feet of grading, was $3.50 a square yard. The grading was reckoned at *644 30 cents a cubic yard, which was equivalent to 20 cents a square yard. When the grading was not required the cost of it at this rate was deducted. In this case the claimant did not do the grading. After the payment was completed the engineer measured it and computed the amount due. In this computation he deducted 20 cents a square yard on account of grading. It amounted to $1,323. In this form the amount certified by the District engineer to be due was laid before the Board of Audit, as required by the act of June 20,1874. That board, in mistake of fact, struck off the deduction and audited the bill for the full amount, as if the two feet of grading had been done by the claimant. The defendant seeks to recover on the counterclaim the amount thus overpaid to the claimant.
This court has repeatedly held that an allowance made by the Board of Audit did not conclude the rights of the parties, and that ruling has been sustained by the Supreme Court. (District of Columbia v. Cluss, 103 U. S. R., 705; Neitzey’s Case, 17 C. Cls. R., 111; Adams’s Case, id., 351; Brown’s Case, id., 402; Campbell & Eslin’s Case, 18 C. Cls. R., 193.)
This $1,328 having been paid through the Board of Audit in mistake of fact, should be allowed to the defendant. Deducting the amount of it from the claimant’s demand leaves due to him the sum of $469.53, for which‘judgment will be entered in his favor, due and payable January 1, 1876.