TAYLOR v. PINE GROVE TP., SALUDA COUNTY, S. C.

(Circuit Court, D. South Carolina. September 15, 1904.)

1. MUNICIPAL BONDS—PROPERTY CHARGED WITH PAYMENT—CHANGE OF BOUNDARIES.

Where, after the issuance of bonds by a township, all but a small part of it was included in a new county and its boundaries changed so as to include new territory, the taxable property of the old and new townships, however, being substantially the same, the new township became the legal successor of the old, and all the territory and property therein became liable for the payment of the bonds, in the absence of any provision in the legislative act adding the new territory exempting it from such liability.

Application for Writ of Mandamus.

Shields & Mountcastle and Haynsworth & Parker, for plaintiff.
J. Wm. Thurmond, B. W. Crouch, and E. S. Blease, for defendant.

PRITCHARD, Circuit Judge. This is an application for a writ of mandamus against the county auditor and county treasurer of Saluda county to compel them respectively to assess and collect a tax against the property within Pine Grove township to pay a judgment recovered by the plaintiff against the defendant for the sum of $2,639.58, and for cost, $40.75. This judgment was recovered in this court on April 14, 1896, upon coupons cut from bonds issued by said township under an act of the Legislature. Execution was duly issued upon said judgment, and was returned by the marshal unsatisfied. The statute under which the bonds were issued required that the county auditor and county treasurer should assess and collect against the property within the township a sufficient tax to discharge said bonds. A rule was issued

¶ 1. Effect of dissolution and reincorporation of municipality or municipal indebtedness, see note to City of Uvalde v. Spier, 33 C. C. A. 506.

against these officers requiring them to show cause why a writ of mandamus should not issue against them compelling them to assess and levy said tax. These officers made return, but for the reasons hereinafter set forth it is adjudged that the said return is insufficient.

At the time of the execution of the bonds in question Pine Grove township was included within Edgefield county, but afterwards, to wit, in the year 1895, by resolution of the Constitutional Convention, the county of Saluda was formed out of a portion of Edgefield county, and all of Pine Grove township, except a small portion, was included in the county of Saluda. Subsequently respondent claims a portion of another territory was added to Pine Grove township, which respondent says was known as "No. 4." It is contended by respondent that, inasmuch as a portion of the territory which originally constituted the township of Pine Grove is not included in that portion of Pine Grove township which is now a part of Saluda county, the court is powerless to proceed against that portion of the territory, embraced in the county of Saluda. It was held to the contrary in Mobile v. Watson, 116 U. S. 289, 6 Sup. Ct. 398, 29 L. Ed. 620, and, among other things, Mr. Justice Woods, who rendered the opinion in that case, said:

"From this paper and other admissions made in the answer of the port of Mobile to the rule to show cause, and the legislation of the state of Alabama made a part of the record, it appears that on the day when the act was passed vacating and annulling the charter and dissolving the corporation of the city of Mobile another act was passed to incorporate the port of Mobile; that all the territory embraced within the limits of the port of Mobile was formed of part of the territory, and included all the thickly settled and closely built portion of the city of Mobile; that out of more than $16,000,000 of taxable property of the city of Mobile all but $900,000 was included with the limits of the port of Mobile; and that fourteen-fifteenths of the inhabitants of the city of Mobile were inhabitants of the port of Mobile. While, therefore, the area of territory of the port of Mobile was little more than half that of the city of Mobile, it is apparent that the former included substantially the same taxable property, and the same body of people, as the city of Mobile. It further appears that all the property, except its wharves, of the city of Mobile, used by it for public and governmental purposes, was by the authority of the act of February 24, 1881 [Acts 1880–81, p. 402], turned over and delivered to the port of Mobile for its use, without compensation to be paid therefor. We are of opinion, upon this state of the statutes and facts, that the port of Mobile is the legal successor of the city of Mobile, and liable for its debts. The two corporations were composed of substantially the same community, included within their limits substantially the same taxable property, and were organized for the same general purposes."

It is further contended by respondent that, inasmuch as new territory has been added to the territory of Pine Grove which was not included as a part of said township at the time the bonds were issued, said territory is not subject to the liabilities incurred by the township of Pine Grove at that time. It was within the power of the Legislature to have exempted the newly acquired territory from any liability which may have attached to the old territory, but, inasmuch as the act which creates the new county makes no such provision, the inhabitants within such territory are liable for their proportionate share of any indebtedness which may have been incurred by the township as originally constituted. "When one municipal corporation is annexed or merged into another, the territory and property of the former become, as a rule, liable for the debts of the latter." Smith v. Saginaw, 81 Mich. 123,

45 N. W. 964; State v. Cincinnati, 52 Ohio St. 419, 40 N. E. 508, 27 L. R. A. 737; Laramie Co. v. Albany Co. et. al., 92 U. S. 307, 23 L. Ed. 552; Mt. Pleasant v. Beckwith, 100 U. S. 514, 25 L. Ed. 699; Watson v. Commrs. Pamlico Co., 82 N. C. 17; Windham v. Portland, 4 Mass. 389; Bristol v. New Chester, 3 N. H. 521; Springwells v. Wayne, 58 Mich. 240, 25 N. W. 329.

All other questions raised by respondent have been disposed of in the case of Ex parte Folsom, Folsom v. Township of Ninety-Six, 131 Fed. 496, in an opinion filed in this court on July 30, 1904.

It is therefore ordered that a writ of mandamus-issue to B. F. Webb, county auditor of Saluda county, and his successors in office, and to H. B. White, county treasurer of Saluda county, and his successors in office, commanding the said county auditor and his successors in office to assess against the property within Pine Grove township a sufficient per centum to pay the judgment in said case and all costs, including the costs of this proceeding, said assessment to be made at the same time and manner provided by law for the assessment of other taxes, and commanding the said county treasurer and his successors in office to collect the said tax under the same regulations governing the collection of other taxes, and pay over the same to the judgment creditors; and that said officers continue to make assessments and collections as aforesaid until the said judgment and costs be fully satisfied.