### SUSONG v. COKESBURY TP., ABBEVILLE COUNTY, S. C.

(Circuit Court, D. South Carolina. September 15, 1904.)

1. MUNICIPAL BONDS—PROPERTY CHARGED WITH PAYMENT—CHANGE OF BOUNDARIES.

The fact that in transferring a township into a new county, after it had issued bonds, a small portion of the territory was left in the old county, does not prevent that within the limits of the new county from being subjected to taxation for the payment of the bonds.

On Application for Writ of Mandamus.

Shields & Mountcastle and Haynsworth & Parker, for plaintiff.
F. B. Grier and J. B. Park, for defendant.

PRITCHARD, Circuit Judge. This is an application for a writ of mandamus against the county auditor and county treasurer of Greenwood county to compel them respectively to assess and collect a tax for the payment of a certain judgment recovered by the plaintiff against the township of Cokesbury, amounting to $2,698.86, with interest from October 21, 1899, and for $43.75 cost. This judgment was recovered on certain bonds issued by the defendant township under an act of the Legislature. Execution was duly issued and returned by the marshal unsatisfied, and the officers aforesaid have neglected and failed to levy and collect the tax as required by the act authorizing the issue of the bonds. These officers, in response to the rule to show cause, have made their return, which for the reasons heretofore set forth in the case of Taylor v. Township of Pine Grove, 132 Fed. 565, is adjudged insufficient.

At the time the bonds were issued Cokesbury township was situate in Abbeville county, but afterwards, to wit, in the year 1897, the county of Greenwood was created under an act of the General Assembly out of a portion of Abbeville county, and all of Cokesbury township, except a small portion, was included within the limits of the new county of Greenwood. It is contended by respondent that, as a portion of the territory originally comprising Cokesbury township was left in the county of Abbeville, the court is powerless to proceed against that portion of the territory of Cokesbury township which was embraced in the county of Greenwood. This contention is contrary to the doctrine announced in Mobile v. Watson, 116 U. S. 289, 6 Sup. Ct. 398, 29 L. Ed. 620, quoted by this court in the case of Taylor v. Township of Pine Grove, 132 Fed. 565 (just handed down), as well as the other authorities cited, and which are hereby cited with approval as conclusive authority in the present case.

All other questions raised by respondent have been disposed of in the case of Ex parte Folsom, Folsom v. Township of Ninety-Six, 131 Fed. 496, in an opinion filed in this court on July 30, 1904.

It is therefore ordered that a writ of mandamus issue to T. A. Graham, county auditor for Greenwood county, and his successors in office, and to J. W. Graham, county treasurer of Greenwood county, and his successors in office, commanding the said county auditor and his successors in office to assess against the property within Cokesbury township a sufficient per centum to pay the judgment in this case and all costs, including the costs of this proceeding, said assessment to be made at the same time and manner provided by law for the assessment of other taxes, and commanding the said county treasurer and his successors in office to collect the said tax under the same regulations governing the collection of other taxes, and pay over the same to the judgment creditors; and that said officers continue to make assessments and collections as aforesaid until the said judgment creditors be fully satisfied.