6587

STATE *EX REL.* SPENCER v. McCAW.

1. CONSTITUTIONAL LAW—SCHOOL DISTRICTS.—The act, 25 stat., 731, amending the act, 20 stat., 246, creating the School District of Yorkville by extending its boundaries, does not violate subdivision IV, of sec. 34, of art. III, of Constitution of 1895, as that section applies to institutions of learning and not to school districts, nor does it violate subdivision V, of that section, as the act does not incorporate the district, but only amends a previous statute of incorporation enacted before the Constitution of 1895.

2. IBID.—IBID.—Subdivision XI, of section 34, of art. III, of the Constitution of 1895, must be construed in connection with section 5, of

art. XI, and so construed a separate act extending the boundaries of a school district already created may be regarded a special provision in a general law.

3. IBID.—IBID.—CORPORATIONS.—Section 2, of art. IX, of Constitution of 1895, relates to private or *quasi* public corporations and not to school districts.

Application in original jurisdiction of this Court for injunction, by C. E. Spencer against W. B. McCaw *et al.*

*Mr. C. E. Spencer,* for petitioner.

*Mr. W. B. McCaw,* contra.

July 11, 1907.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an application to the Court in the exercise of its original jurisdiction, for an order of injunction, restraining the respondent from ordering and holding an election in the school district of Yorkville.

The said school district was incorporated by an act entitled "An act to create the School District of Yorkville, in York County, and enable it to organize a system of free schools, and to levy a tax in support of the same, and to purchase and hold property," approved 22d December, 1888, 20 Stat., 246.   This statute embraced an area of one mile, extending from the intersection of Congress and Liberty streets.

On the 15th of February, 1907, an act was passed, entitled "An act to enlarge the area of the School District of Yorkville to two and one-half miles," 25 Stat., 731, which provides: "That after the approval of this act, the territory embraced within the area extending two and one-half miles, from the intersection of Congress and Liberty streets, in the town of Yorkville, in said State, be declared a separate school district, and to be known as the School District of Yorkville, and that it be invested with such corporate

powers as may be necessary to carry out the purposes of its organization, as now declared by law heretofore creating the same, and acts supplementary or amendatory thereto."

The petitioner alleges that this act is unconstitutional on the following rounds, to wit:

a. "In that it is in violation of and is repugnant to art. III, sec. 34, subdivisions IV, V and XI of the Constitution of South Carolina.

1. "The School District of Yorkville, whose charter is hereby amended, is not an educational institution under the control of the State.

2. "It is a new school district, the creation of which is expressly prohibited.

3. "A special law has been enacted where a general law could have been made applicable.

b. "In that it is in violation of and repugnant to art. IX, sec. 2, of the Constitution of South Carolina, in that the Yorkville School District, the corporation whose charter has been amended by said act of the General Assembly, is not one of the excepted corporations enumerated in art. IX, sec. 2, of the Constitution, namely, 'such charitable, penal, educational or reformatory corporations, as may be under the control of the State,' but on the contrary, is a corporation whose charter cannot be amended by special law, save only under the proviso to art. IX, sec. 2, of the Consitiution, which provides, 'That the General Assembly may by a two-thirds vote of each house, on a concurrent resolution, allow a bill for a special charter to be introduced, and may pass the same as other bills,' but in this connection petitioner avers and charges that no such two-thirds vote of each house was taken on a concurrent resolution, allowing the introduction and passage of the bill into the act herein assailed."

We proceed to consider first, the grounds upon which it is contended, the statute is obnoxious to certain provisions of art. III, sec. 34, of the Constitution, which is as follows:

"The General Assembly of this State shall not enact local

23—77

or special laws concerning any of the following subjects, or for any of the following purposes, to wit:

1. "To change the names of persons or places.

II. "To lay out, open, alter or work roads or highways.

III. "To incorporate cities, towns or villages. or change, amend or extend the charter thereof.

IV. "To incorporate educational, religious, charitable, social, manufacturing or banking institutions not under control of the State, or amend the charters thereof.

V. "To incorporate school districts.

VI. "To authorize the adoption or legitimation of children.

VII. "To provide for the protection of game.

VIII. "To summon and empanel grand or petit jurors.

IX. "To provide for the age at which citizens shall be subject to road or other public duty.

X. "To fix the amount or manner of compensation to be paid to any county officer, except that the laws may be so made as to grade the compensation in proportion to the population and necessary service required.

XI. "In all other cases, where a general law can be made applicable, no special law shall be enacted.

XII. "The General Assembly shall forthwith enact general laws concerning said subjects for said purposes, which shall be uniform in their operation: *Provided,* That nothing contained in this section shall prohibit the General Assembly from enacting special provisions in general laws.

XIII. "The provisions of this section shall not apply to charitable and educational corporations, where, under the terms of a gift, devise or will, special incorporation may be required."

The statute does not violate subdivision IV of that section, for the reason that a school district is not an educational institution, and, therefore, that provision is inapplicable. It has reference to institutions of learning, such as colleges.

Nor is it repugnant to subdivision V, of that section, as the statute does not *incorporate* the school district, but is in effect, only an amendment of a previous statute of incorporation. It will be observed that the General Assembly is not only prohibited from enacting local or special laws of *incorporation,* concerning any of the subjects enumerated in subdivisions III and IV, but likewise from amending or extending charters already in existence. In subdivision V, however, there is only a prohibition against the *incorporation* of a school district, but there is no inhibition against amending or extending a charter granted prior to the adoption of the Constitution.

The next question is whether the statute was obnoxious to subdivision XI.

This subdivision must be construed in connection with art. XI, sec. 5, which provides that "The General Assembly shall provide for a liberal system of free public schools for all children between the ages of six and twenty-one years, and for the division of the counties into suitable school districts, as compact in form as practicable, having regard to natural boundaries, and not to exceed forty-nine, nor be less than nine square miles in area: * * * *Provided, further,* That nothing in this article contained, shall be construed as a repeal of the laws, under which the several graded school districts of this State are organized. The present division of the counties into school districts and the provisions of law now governing the same shall remain until changed by the General Assembly."

In enacting general laws concerning school districts which shall be uniform in their operation, the General Assembly in providing for the division of counties into suitable school districts as compact in form as possible, has the power in each instance, to regard natural boundaries, and to determine the number of miles in area a school district shall contain, provided it shall not exceed forty-nine nor be less

than nine square miles. This could unquestionably be en-
acted as a special provision in a general law. A statute,
therefore, which could be enacted as a special provision in a
general law will not be declared unconstitutional merely
because it is in form a separate act, but will be regarded as
an amendment of the general law upon the subject. *Gro-
cery Co.* v. *Burnet,* 61 S. C., 205, 39 S. E., 381, 58 L. R. A.,
687. In that case the Court uses this language: "We think
it safe to say that if it be competent for the Legislature,
while enacting a general law, to enact special provisions
therein, it is also competent to enact similar special provis-
ions by way of amending a general law. The former power
would necessarily include the latter."

The last objection urged against the constitutionality of
the statute is that it is violative of art. IX, sec. 2, which
is as follows: "No charter of incorporation shall be granted,
changed or amended by special law, except in the case of
such charitable, educational, penal or reformatory corpora-
tions as may be under the control of the State. or may be
provided for in this Constitution, but the General Assembly
shall provide by general laws for changing or amending
existing charters, and for the organizations of all corpora-
tions hereafter to be created, and any such law so passed, as
well as all charters now existing or hereafter created. shall
be subject to future repeal or alteration: *Provided,* That the
General Assembly may by a two-thirds vote of each house
on a concurrent resolution, allow a bill for a special charter
to be introduced, and when so introduced, may pass the same
as other bills."

We have already shown that the statute was not a special
law, but in effect an amendment to a general law. as it
merely contained a special provision that could have been
enacted in a general law.

Furthermore, section 1 of that article, which provides that
"the term corporation, as used in this article, includes all
associations and joint stock companies, having powers and

privileges not possessed by individuals or partner-
ships, and excludes municipal corporations," has no
reference to corporations such as a school district
having the public and corporate purpose of education. The
article relates to private or quasi-public corporations. This
objection must likewise be overruled.

The judgment of this Court dismissing the petition, has
already been filed.