8581

BURRISS v. BROCK.

1. CONSTITUTIONAL LAW—BONDS—SCHOOL DISTRICTS.—Article II, section 13 of the Constitution requiring a petition of the freeholders of a city or town as a condition precedent to an election for the issuance of bonds does not apply to a school district in an election for issuing bonds for school purposes whether the district is coterminous with the city limits included or not.

2. BONDS—SCHOOL DISTRICT.—The legislature may authorize the trustees of a school district to hold an election on issuance of bonds for school purposes without a petition from electors or freeholders.

3. CONSTITUTIONAL LAW—BONDS—SCHOOL DISTRICTS.—It is held that the legislature considered in the passage of the act of 28 stat. 355 and provided that the old school district including the city of Anderson and the new territory added thereto by this act shall each bear its proportionate part of the taxes to pay the bonds already issued by the old school district and the additional ones provided therein for acquiring additional school property.

4. IBID.—28 STAT. 355.—Said act does not violate the provisions of subsections 4 and 9 of section 34 of article III of the Constitution prohibiting special laws for the incorporation of school districts and the enactment of special laws where a general law can be made to apply.

5. IBID.—IBID.—Nor does the act contravene the provisions of article III, section 17 of the Constitution providing that each act shall relate to but one subject which shall be expressed in its title.

6. IBID.—IBID.—Nor does the act confer legislative power on the trustees by providing that the provision as to issuing bonds and enlarging the school buildings should only be put into effect, if the electors voted the amount of bonds and special tax.

7. ELECTIONS—BONDS—SCHOOL DISTRICTS.—In such election it is not required that more than one box be provided nor that the old and the section to be added should vote separately and a majority vote in each be required to carry the election.

Petition in the original jurisdiction of this Court by C. O. Burriss *et al.* for injunction against J. A. Brock *et al.*

*Messrs. Quattlebaum & Cochran,* for petitioner.

*Mr. T. F. Watkins,* contra.

June 24, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. By an Act of the Legislature approved January 5, 1895 (21 Stat. 921), the territory embraced within the corporate limits of the city of Anderson was created a separate school district, and the city was authorized to issue, and did issue, $20,000.00 bonds, which were designated as school bonds, the proceeds of which were used to purchase lands and erect school buildings thereon. In 1902 these bonds were refunded. In 1903 the city issued $15,000.00 more of school bonds, the proceeds of which were used to purchase lands and erect buildings thereon for school purposes.

In 1913 the legislature passed an act (28 Stat. 355) entitled "An act to amend *an act to establish the Anderson school district, to authorize the establishment of free graded schools therein, and to provide the means for the equipment and efficient management of the same,* approved January 5,

A. D. 1895, so as to enlarge the said district and authorize the trustees to issue bonds and to provide the means for the equipment and the efficient management of the new district as amended." The italicized portion of the title above quoted is the title of the act of 1895.

The act of 1913 enlarges the old school district of the city of Anderson by annexing certain adjacent territory lying within the boundaries therein designated, and, so enlarged, the school district extends beyond the corporate limits of the city. Among other things, the act authorizes the board of trustees of the new school district to submit to the qualified voters residing therein the question of issuing $100,000.00 of bonds, and provides that $35,000.00 of the bonds so issued shall be exchanged for, or used to pay the $35,000.00 of school bonds issued by the city of Anderson, and the balance for the purpose of improving the present school property, acquiring additional property and erecting buildings for school purposes.

The title to all the property procured by the proceeds of the $35,000.00 of school bonds issued by the city of Anderson is in the trustees, who were continued in office by the act of 1913 and made trustees of the new school district; and, under that act, all the property of the old school district becomes the property of the new school district. No part of the territory annexed to the old school district was under any bond debt for school purposes, nor was there any school property therein, so that the new district acquired no school property from the annexed territory.

At the election ordered by the trustees, only one box was provided, which was at the courthouse, in the city of Anderson, where all the voters of the district had to vote.

The election resulted in favor of issuing the bonds, and the trustees, having advertised for bids for so much of them as are to be sold this action was brought to enjoin the issuing thereof.

The first objection made is that the act of 1913 violates section 13 of article II of the Constitution, in authorizing the trustees to hold an election on the question of issuing bonds without requiring, as a condition precedent of such election, a petition of a majority of the freeholders of the district. The section in question reads: "In authorizing a special election in any incorporated city or town in this State for purpose of bonding the same, the General Assembly shall prescribe, as a condition precedent to the holding of said election, a petition from a majority of the freeholders of said city or town as shown by its tax books, and at such elections all electors of such city or town who are duly qualified for voting under section 12 of this article, and who have paid all taxes, State, County and municipal, for the previous year, shall be allowed to vote; and the vote of a majority of those voting in said election shall be necessary to authorize the issue of said bonds." Even a casual reading of this section shows that it is not applicable to the election authorized by the act, which was not in any incorporated city or town, in the sense in which those words are used in the Constitution, nor for the purpose of bonding the same, but it was in a special school district, which was not even coterminous with the city, though it would have made no difference if it had been, because the purpose of the election was the bonding of the school district, and not the city. The Constitution (Sec. 5, Art. X) contemplates the issuing of bonds by different political division or municipal corporations extending over the same territory or parts thereof.

There is no provision in the Constitution which requires a petition of freeholders as a condition precedent to an election on the question of issuing bonds of a school district, as that above quoted with regard to issuing city or town bonds. Section 1743 of the Civil Code of 1912 requires a written petition of at least one-third of the resident electors and a like proportion of the resident free-

holders of the district as a condition precedent to such an election. But the act of 1913, being of later date, though it contains no repealing clause, yet, as it deals with the same subject in so far as it effects the election in question, and as it expressly authorizes the trustees to hold the election and does not require such a petition, necessarily has the effect of repealing so much of section 1743 as is inconsistent with its own provisions.

The petitioner's next contention is that the act of 1913 violates section 5 of article XI of the Constitution, which provides: "That when any school district laid out under this section shall embrace cities or towns already embraced into special school districts in which graded school buildings have been erected by the issue of bonds, or by special taxation, or by donation, all the territory included in said school district shall bear its just proportion of any tax that may be levied to liquidate such bonds or support the public schools therein." The specific objection urged is that the act fails to provide that all territory included in the new district shall bear its just proportion of any tax that may be levied to liquidate the $35,000.00 of bonds issued by the city of Anderson. The act does provide, impliedly, at least, that all the territory in the new district shall bear its just proportion of such a tax, for it provides that the tax for that purpose shall be levied upon all the property of the district as assessed for taxation for all other purposes. It is suggested, however, that the newly annexed territory should pay a greater proportion of the $35,000.00 than the old, and this because the old territory already owned the property acquired by the use of the proceeds of those bonds, while the new territory owned no property at all. But it must be remembered that the bonds have not been paid, and that they are presumed to represent the value of the property. There is nothing to show that it has increased or decreased in value since it was purchased. Therefore, as to that property, the two sections of the new district stand

on the same footing as if the property had just been purchased. While the old territory has been taxed to pay the interest on the bonds since they were issued, the citizens thereof have had the use of the property as compensation thereof. Moreover, in the absence of any showing to the contrary, the Court will presume that the legislature considered that matter and obeyed the mandate of the Constitution, and imposed upon each section of the new district its just proportion of such tax.

The next contention is that the act violates subdivisions 4 and 9 of section 34 of article III of the Constitution. That section prohibits local or special legislation on certain subjects. Subdivision 4 prohibits any local or special law "to incorporate school districts," and subdivision 9 provides that "where a general law can be made applicable, no special law shall be enacted." These objections are met and answered by the decisions of this Court in *State* v. *McCaw,* 77 S. C. 351, 58 S. E. 145, and *State* v. *Brock,* 66 S. C. 357.

The objection that the act relates to more than one subject and that the subject thereof is not expressed in the title, contrary to the provision of section 17 of article III of the Constitution is also untenable, as will clearly appear from a consideration of the title and the provisions of the act. This provision of the Constitution requiring that every act shall relate to but one subject which shall be expressed in the title has been so fully and so frequently expounded and applied that it would be useless to attempt to add anything upon that subject. See *Dove* v. *Kirkland,* 92 S. C. 313, 323, 75 S. E. 503, and cases cited.

The last objection to the act upon constitutional grounds is because it confers upon the board of trustees power to suspend the operation thereof, if the result of the election should be against issuing the bonds, thereby, as it is alleged, conferring upon the trustees legislative power. The language relied upon to sustain this

objection is as follows: "As it will be impracticable to carry out the amendment herein provided for if the voters of said district should refuse to authorize the issuing of bonds herein provided and for the special school tax, the trustees are hereby authorized to suspend this amendment and to carry on schools according to the provisions of the original act until such time as the qualified voters shall authorize said bonds issued and said special tax levy, at which time the said board of trustees shall operate under this amendment." As the contingency upon which the trustees were authorized to suspend the act did not and cannot arise, since the voters did authorize the issue of bonds, it would seem that the question raised by this objection has become academic, but, properly construed, the act does not confer legislative power upon the trustees, because the legislature itself prescribed the contingency, upon the happening of which the amendment should be suspended. No discretion to suspend the amendment was vested in the trustees. The language above quoted was intended merely as a direction to them as to the course which they should pursue on the happening of the contingency named.

It was propely conceded that there is nothing in the fact that only one voting place was provided for holding the election. We know of no law, constitutional or statutory, and none has been cited, which required more than one voting place. Indeed, the act of 1895, of which the act of 1913 was only an amendment, required that the elections therein provided for should be held at the courthouse in the city of Anderson. It was suggested that separate voting places should have been provided for those residing in the new territory and those residing in the old, and that a majority of each section should have been required. It is sufficient to say that the legislature did not so require, and we see no good reason why it should have done so.

The petition is dismissed.