## 9556

FURMAN *ET AL.,* COURTHOUSE COMMISSION, v. WILLIMON, SUPERVISOR OF GREENVILLE COUNTY.

(90 S. E. 700.)

1. STATUTES — SUBJECTS AND TITLES — CONSTITUTIONAL PROVISION.—The purpose of Const., art. III, sec. 17, declaring that statutes shall relate to one subject, which shall be expressed in the title, is to prevent insertion of matters not germane to the general subject, and to prevent surreptitious legislation.

2. STATUTES—SUBJECTS AND TITLES—EXPRESSION OF SUBJECT IN TITLE.— Act Feb. 19, 1916 (29 St. at Large, p. 1126), entitled "An act to amend an act entitled 'An act to authorize and empower the supervisor of Greenville county to issue coupon bonds of said county in the sum of $950,000 for the purpose of permanent road improvement in said county, and to provide for automobile licenses and a property tax to pay the same,' approved Feb. 26, 1915 (29 St. at Large, p. 553), so as to provide for the issue of $50,000 of bonds for the erection of a new courthouse in Greenville county," providing in its body for reduction of the highway bond issue from $950,000 to $900,000, and directing that the proceeds of the other 50,000 of bonds be used by the courthouse commissioners for the erection of a county courthouse, relates to one subject only, which is expressed in its title, in compliance with Const., art. III, sec. 17, relating to subjects and titles of acts.

Before MOORE, J., Greenville, October, 1916.    Affirmed.

Controversy submitted, without action, between A. G. Furman and others, constituting the Courthouse Commission of Greenville County, and W. H. Willimon, as Supervisor of Greenville County. From a judgment for petitioners, respondent appeals.

The following is the decree below:

This is a controversy submitted without action, under the Code. The case was filed in the Supreme Court, and by

an order of that Court has beeen committed to this Court.

.The facts, as they appear, are that by an act of March 6, 1915, the courthouse commission of Greenville county was established, with authority to make repairs upon the old courthouse or to erect a new one.    It seems that the commission concluded that the money appropriated ($60,000) was insufficient to erect a new courthouse, and that it was impracticable to repair the old courthouse.

At the next session of the General Assembly an act was passed which was approved February 19, 1916, which purported to amend an act which had been approved on February 6, 1915, and which authorized the supervisor of Greenville county to issue bonds in the sum of $950,000, to be used for road purposes.    The amendatory act reduces the road bonds to $900,000, and provides that bonds to the amount of $50,000 should be used for the erection of a new courthouse. This act further provides for the disposition of the bonds at not less than par.    The only question in the case is whether the act of February 19, 1916, is in compliance with section 17 of article III of the Constitution, which declares that statutes shall relate to but one subject, which shall be expressed in the title.

The title to the amendatory act is as follows: "An act to amend an act entitled 'An act to authorize and empower the supervisor of Greenville county to issue coupon bonds of said county in the sum of nine hundred and fifty thousand ($950,000) dollars, for the purpose of permanent road improvement in said county, and to provide for automobile licenses and a property tax to pay the same,' approved February 26, 1915, so as to provide for the issue of fifty thousand ($50,000) dollars of bonds for the erection of a new courthouse in Greenville county."

The body of the act itself reduces the highway bond from $950,000 to $900,000 and directs that the proceeds of the other $50,000 of bonds should be used by the courthouse

commission for the erection of a new courthouse. Acts 1916, pp. 1126-1128.

It is suggested that the amendatory act is violative of the constitutional provision in the following respects, to wit: (1) That it relates to two subjects: (a) The reduction of the road bonds from $950,000 to $900,000, and (b) the authorizing of the issue of $50,000 of bonds for courthouse purposes. (2) And that the title of the act does not indicate that one of its purposes is to reduce the amount of the road bonds. It has been held that a liberal construction should be given to this constitutional provision. *Aycock* v. *Railroad,* 76 S. C. 331, 57 S. E. 27; *State* v. *Hunter,* 79 S. C. 91, 60 S. E. 226.

The purpose of the provision was intended to prevent the insertion in a statute of matters not germane to the general subject, and to prevent what might be termed surreptitious legislation.

In my opinion, the statute relates to one subject only, and that subject is expressed in the title. The title shows that the purpose is to amend the act of February 26, 1916, so as to provide for the issue of $50,000 of bonds for courthouse purposes. This could be accomplished either by way of addition to or reduction of the $950,000 of road bonds. It was not necessary for the title to indicate the exact method by which the amendment was to be accomplished, but it was only necessary that it should show that some change was to be made, and this was shown by the title.

In my opinion, therefore, the statute is free from constitutional objection, and the petitioners are entitled to the writ of mandamus. It is, therefore, ordered, decreed and adjudged that a writ of mandamus do issue as prayed for, directing and commanding W. H. Willimon, as supervisor of Greenville county, to execute and dispose of the court-

house bonds aggregating $50,000, as directed by the act of February 19, 1916.

*Mr. Wm. G. Sirrine,* for appellant.

*Messrs. Haynsworth & Haynsworth,* for respondents, cite: *As to subject of the act:* 29 Stats. 489, 553; 103 S. C. 50; 29 Stats. 1126; Const., art. III, sec. 17; 103 S. C. 10; 76 S. C. 332; 89 S. C. 94; 79 S. C. 91; 74 S. C. 448; 71 S. C. 487; 77 S. C. 260; 83 S. C. 481; 75 S. C. 560; 30 S. C. 1; 23 S. C. 427; 18 S. C. 466; 16 S. C. 47; 4 S. C. 442; 77 S. W. 868; 14 L. R. A. (N. S.) 519; 77 Pac. 14; 91 Pac. 355; 159 U. S. 611. *As to amendatory acts:* 33 L. R. A. (N. S.) 706; 82 N. W. 968; 69 L. R. A. 750; 59 L. R. A. 455; 26 L. R. A. 92.

November 21, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by the Circuit Judge in his decree it is the judgment of this Court that the judgment of the Circuit Court be affirmed.