## 9680

### BROWNLEE *ET AL.* v. BROCK *ET AL.*

#### (92 S. E. 477.)

1. SCHOOLS AND SCHOOL DISTRICTS—BONDS—INTEREST.—Act Feb. 17, 1917, as to Anderson county school bonds, providing for issuance of bonds to bear a rate of interest not exceeding 5 per cent., payable semiannually, must be construed as providing for 5 per cent. interest per annum, though the words "per annum" were omitted.

2. STATUTES—SUBJECTS AND TITLES OF ACTS—DUPLICITY.—Such act does not violate Const., art. III, sec. 17, requiring an act to relate to but one subject, though it provides that the excess proceeds of the bonds above the amount necessary to build a school building shall be used for general school expenses.

3. STATUTES—SPECIAL AND LOCAL LEGISLATION.—Nor does such act violate Const., art III, sec. 34, subd. 9, providing that no special law shall be enacted where a general law can be made applicable.

4. SCHOOLS AND SCHOOL DISTRICTS—BONDS—ELECTIONS.—Nor does such act violate Const., art. II, sec. 13, providing that a petition of a majority of the freeholders shall be a condition precedent to an election to authorize the bonding of a city or town; such provision being inapplicable to school bond elections.

5. SCHOOLS AND SCHOOL DISTRICTS—BONDS—EXCESSIVE INDEBTEDNESS.— Nor does it violate Const., art. X, sec. 5, stating limit of indebtedness, since the aggregate bonded debt, including the proposed issue, will be within the limit, if the paving assessment certificates and sewerage bonds are excluded, as must be done.

Before PRINCE, J., Anderson, April, 1917.    Affirmed.

Suit by J. Irvin Brownlee and others against J. A. Brock and others. Judgment for defendants, and plaintiffs appeal.

*Mr. J. M. Paget,* for appellants, cites: *As to nature of assessment certificates:* 48 S. C. 395; 85 S. C. 156.

*Messrs. Watkins & Prince,* for respondents, cite: *As to provision for interest on bonded indebtedness:* 22 Cyc. 1522; 16 A. & E. Enc. of L. 1001. *Hodgepodge legislation:* Cooley's Const. Lim. 171, 173; 36 Cyc. 1017; 76 S. C. 332; 106 S. C. 159. *Title of act:* 77 S. C. 272; 88 S. C. 493; 74 S. C. 448; 79 S. C. 96. *Special legislation:* 77 S. C. 260; 61 S. C. 205. *Bonded indebtedness:* 103 S. C. 10, 50, 184; 72 S. C. 546. *Petition for election:* 95 S. C. 104.

May 17, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This appeal involves the construction and constitutionality of an act approved February 17, 1917, entitled:

"An act to authorize and empower the board of trustees of school district No. 17, of Anderson county, to issue and sell additional coupon bonds of said district for the purpose of erecting, equipping and furnishing a high school building for said district."

The act provides for the issuing of 40-year bonds "to bear a rate of interest not exceeding five per cent.," payable semi-annually. Though the usual words "per annum" were omitted, the intention that the rate should be by the year is too plain to admit of doubt. Interest is so generally computed by the year that, when the period to which the stipulated rate applies is not specified, the intention is implied that it shall be computable per annum, in the absence of anything to the contrary.

The act does not violate the constitutional provision (section 17, art. III) that every act "shall relate to but one subject, and that shall be expressed in the title," in that it authorizes the trustees to use any surplus, after erecting, equipping and furnishing the high school building, in improving the other school property of the district. The disposition of a possible surplus is germane to the main purpose. *Lillard* v. *Melton,* 103 S. C. 10, 87 S. E. 421.

Nor does it violate the constitutional prohibition (subdivision 9, sec. 34, art. III) that no special law shall be enacted where a general law can be made applicable (*Burriss* v. *Brock,* 95 S. C. 104, 79 S. E. 193, and cases cited); nor the provision (sec. 13, art. II) that a petition of a majority of the freeholders shall be a condition precedent to an election to authorize the bonding of a city or town, same not being applicable to this election (*Burriss* v. *Brock, supra*).

Nor does it violate the limitation of indebtedness provision of the Constitution (section 5, art. X), because it is

admitted that the aggregate bond debt of the city of Anderson, including its proportion of this issue, will be within the limit, if the paving assessment certificates, sold and guaranteed by the city, and the sewerage bonds of the city be excluded in computing the bond debt of the city, and these must be excluded under the authority of *Lillard* v. *Melton, supra.*

Judgment affirmed.