## 11149

### McINTYRE v. ROGERS

#### (116 S. E., 277)

Mᴜɴɪᴄɪᴘᴀʟ Cᴏʀᴘᴏʀᴀᴛɪᴏɴs—Gᴜᴀʀᴀɴᴛʏ ᴏғ Pᴀᴠɪɴɢ Cᴇʀᴛɪғɪᴄᴀᴛᴇs ɴᴏᴛ Pᴀʀᴛ ᴏғ "Bᴏɴᴅᴇᴅ Dᴇʙᴛ" Wɪᴛʜɪɴ Cᴏɴsᴛɪᴛᴜᴛɪᴏɴᴀʟ Lɪᴍɪᴛ ᴏғ Bᴏɴᴅᴇᴅ Iɴ-ᴅᴇʙᴛᴇᴅɴᴇss.—The guaranty by a town council of payment of certificates of indebtedness representing assessments against abutting property is not a part of the bonded debt of the town, within the meaning of Const. 1895, Art. 8, § 7, forbidding any town or city from incurring any bonded debt which, including existing bonded indebtedness, shall exceed 8 per cent. of the assessed value of the taxable property therein.

Original action by J. A. McIntyre against P. H. Rogers, Jr., Mayor, and J. G. Denny and others, constituting the Town Council of the Town of Hartsville, to restrain defendants from guaranteeing payment of certificates of indebtedness proposed to be issued. Motion for injunction refused, and petition dismissed.

*Mr. John F. Wilmeth,* for petitioner, cites: *Guarantee of paving certificates will increase bonded indebtedness of town:* 59 L. R. A., 620. *Purchaser of certificates must look to collections on such certificates:* 37 L. R. A. (N. S.), 1070; 175 S. W., 330.

*Messrs. Nathans & Sinkler,* for respondents, cite: *Guarantee constitutes a contingent liability only:* 103 S. C., 10.

March 12, 1923.

The opinion of the Court was delivered by Mr. Justice Marion.

Action in the original jurisdiction of this Court by a freeholder and taxpayer of the town of Hartsville to restrain the town council from guaranteeing the payment of certain certificates of indebtedness proposed to be issued. The town of Hartsville is about to issue and sell $86,000 of certificates of indebtedness, representing assessments against abutting property in the Town of Hartsville, and upon such sale to guarantee the payment thereof at maturity. The bonded indebtedness of the municipality is now 8 per cent. of the assessed value for taxation of the property in the town. The guaranty of the payment of these certificates will increase the indebtedness to an amount exceeding 8 per cent. of the taxable value of such property.

The one question presented for determination is whether the guaranty by the town of the payment of the proposed issue of paving certificates at maturity is in violation of Section 7, Art. 8, of the Constitution of 1895, providing that—

"No city or town in this state shall hereafter incur any bonded debt which, including existing bonded indebtedness, shall exceed eight per centum of the assessed value of the taxable property therein," etc.

The guaranty of the paving certificates may not be regarded as a part of the "bonded debt" or "bonded indebtedness" of the town, within the meaning of the constitutional inhibition. The point raised has been conclusively decided against the petitioner's contention by the case of *Lillard v. Melton,* 103 S. C., 10, 87 S. E., 421, followed and approved in *Brownlee v. Brock,* 107 S. C., 230, 92 S. E., 477.

The motion for injunction is refused, and the petition dismissed.

MR. CHIEF JUSTICE GARY, and JUSTICES WATTS and FRASER concur.

MR. JUSTICE COTHRAN did not participate.