20197

STATE of South Carolina ex relatione, Daniel R. McLEOD, Attorney General, Petitioner-Plaintiff, v. Clinton Mitchell SNIPES, Individually, as a uniformed officer of the Florence City Police Force and as Representative of all officers and employees of the State of South Carolina and its political subdivisions entitled by Section 1-234 of the South Carolina Code of Laws to request in writing that the Attorney General of South Carolina appear and defend them in criminal actions arising out of any act done or omitted in good faith in the course of their employment, Respondent-Defendant, and William J. Seaborn, Assistant Director of Law Enforcement, as a member of and as representative of the South Carolina Highway Patrol, et al., Intervenors-Defendants.

(223 S. E. (2d) 853)

416

*Messrs. Daniel R. McLeod, Atty. Gen., A. Camden Lewis* and *Donald V. Myers, Asst. Atty. Gen.*, of Columbia, *for Petitioner-Plaintiff,*

*Messrs. E. Lee Morgan,* and *B. Hicks Harwell,* of Florence, *for Respondent-Defendant,*

*Messrs. Frank L. Taylor,* and *Thomas E. McCutchen,* of Columbia, *for Intervenors-Defendants,*

March 30, 1976.

LEWIS, Chief Justice.

This action for declaratory judgment, brought in the original jurisdiction of the Court by permission, involves a determination of the legality of the Attorney General providing, as directed by Section 1-234, 1962 Code of Laws, representation to officers and employees of the State or of any political subdivision thereof, in criminal prosecutions against such officials, in view of the provisions of Article 5, Section 20, of the South Carolina Constitution, which make the Attorney General the chief prosecuting officer of the State.

Section 1-234, here involved, directs:

"In the event that any officer or employee of the State, or of any political subdivision thereof, be prosecuted in any action, civil or criminal, or special proceeding in the courts of this State, or of the United States, by reason of any act done or omitted in good faith in the course of his employment, it is made the duty of the Attorney General, when requested in writing by any such officer or employee, to appear and defend the action or proceeding in his behalf. Such appearance may be by any member of his staff or by any solicitor or assistant solicitor when directed to do so by the Attorney General."

Article 5, Section 20, of the State Constitution in pertinent part provides:

"The Attorney General shall be the chief prosecuting officer of the State with authority to supervise the prosecution of all criminal cases in courts of record."

Section 1-234 imposes the duty upon the Attorney General to appear and defend public officials in criminal prosecutions against them, by reason of any act done or omitted in good faith in the course of employment. The individual respondent is a police officer of the City of Florence and is being prosecuted as a result of an incident in which one Marvin Muldrow was shot and killed by the respondent, admittedly, while acting in good faith in the course of his employment as a police officer.

Pursuant to the provisions of Section 1-234, respondent has requested, in writing, that the Attorney General represent him in the foregoing criminal prosecution. The Attorney General has refused to do so solely upon the ground that his duties as chief prosecuting officer prevent him from defending respondent as requested. This action was instituted by the Attorney General to determine his duties in the matter.

The basic position of the Attorney General is that the constitutional authority (Article 5, Section 20) to supervise criminal prosecutions presents an irreconcilable conflict with the duty imposed by statute (Section 1-234) to defend, and that the statutory duty must give way to the alleged paramount constitutional duty, thereby relieving him of the obligation to defend public officials. We find no such insurmountable conflict between the statutory and constitutional provisions.

By way of background, Section 1-234 was enacted in 1960 and Article 5, Section 20, was ratified in 1973. While this constitutional provision designated the Attorney General as the chief prosecuting officer for the first time, it represented no practical change in the situation of the Attorney General from that which existed prior to the adoption of this provision of the Constitution in 1973. For, prior to 1973, Code Section 1-237, enacted in 1868, provided for the participation of the Attorney General in prosecutions in the following language:

"The Attorney General shall consult with and advise the solicitors in matters relating to the duties of their offices. When, in his judgment, the interest of the State requires it he shall:

(1) Assist the solictors by attending the grand jury in the examination of any case in which the party accused is charged with a capital offense; and

(2) Be present at the trial of any cause in which the State is a party or interested and, when so present, shall have the direction and management of such prosecution or suit."

It is apparent, therefore, that the present situation was not created by the adoption of Article 5, Section 20, in 1973; but rather the constitutional designation of the Attorney General as the chief prosecuting officer for the first time brought the matter to public attention.

When we examine the directions of Section 1-234, we find that the Attorney General is not required to personally appear and defend, but his duty under the statute may be satisfied through the appearance by "any member of his staff or by any solicitor or assistant solicitor" to defend the public official. It is apparent, therefore, that the intent of the General Assembly was not to require the Attorney General to personally appear or, necessarily, to supervise the defense of public officials in every case, but simply to place upon the Attorney General the duty to see that representation is provided to such officials by one or more of the attorneys specified. We take judicial notice of the fact that there are now, in addition to the staff of the Attorney General, sixteen solicitors and as many or more assistant solicitors.

Although the Attorney General is designated the chief prosecuting officer and has "authority to supervise the prosecution of all criminal cases in courts of record", the fact remains that the solicitors are elected in this State by the people and maintain a strong measure of independence. While he has the authority to supervise the prosecution of all criminal cases, it is a fact of common knowledge that the duty to actually prosecute criminal cases is performed primarily and almost exclusively by the solicitors in their respective circuits except in unusual cases or when the solicitors call upon the Attorney General for assistance.

We recite the foregoing to point up the context in which Section 1-234 was enacted. It demonstrates, we think, the realization by the General Assembly that, in placing the duty upon the Attorney General to provide representation to public officials in criminal prosecutions, it was not, in fact, placing the Attorney General in a dual role. The independence of the office of solicitor and the rare actual participation by the Attorney General in criminal prosecutions leaves ample room under our present

system for him to provide representation for public officials, when requested by them to do so, without violence to any duty imposed by the constitutional provision in question.

The Attorney General argues that his duties under the Constitution, as chief prosecuting officer, and the duties imposed by statute to defend public officials against criminal charges presents a conflict of interest which violates basic ethical standards of the legal profession and renders proper performance of the dual role impossible.

We find no mandated conflict of interest in the role occupied by the Attorney General under the Constitution and the statute. The Attorney General is not required to sit at both the prosecution and the defense table in the prosecution of a public official, in the sense that he or all of his staff equally participate in the prosecution and the defense. The right of the Attorney General to designate defense counsel from his staff or from the solicitors and assistant solicitors was, no doubt, intended to give the Attorney General ample latitude to designate an individual or individuals who could *independently* represent the public official, if the Attorney General found that he could not do so because of a conflict with his duties as chief prosecuting officer.

There appears no sound reason why the solicitor cannot, as has been the practice in the past, independently prosecute any public official charged with crime and the Attorney General, at the same time, see that some member of his staff or another solicitor or assistant solicitor independently represents the public official. Of course, the Attorney General cannot participate both in the prosecution and defense of a public official. Such would clearly constitute a conflict of interest. We think that the statute in question simply places upon the Attorney General the duty to see that the public official is provided representation, either by himself or a member of his staff or by one of the solicitors or their assistants. This does not require the Attorney General to violate any standard of professional ethics any more than a

trial judge who appoints counsel to independently represent a defendant.

We are not unmindful of the public charges, sometimes voiced, that the statute in question places the Attorney General in the position of representing the State and the defense at the same time. The statute intended no such result. It was only intended to place upon the Attorney General the duty to see that the laudable purpose of providing independent representation for public officials was accomplished. We can find no legal or ethical impediment to the proper performance of that duty by the Attorney General in the future. Nothing has been shown to indicate that such duty has not been properly performed by the Attorney General since the enactment of the statute sixteen (16) years ago.

However, in the event a conflict of interest did arise, which would require the release of the Attorney General from the duties imposed by Section 1-234, such could be resolved by the trial judge, who is charged with the duty of insuring the integrity of the trial, by appointment of counsel for either the State or the defense, or both, from the group of attorneys named in the statute.

It is therefore the judgment of the Court that there is no ethical impropriety or legal impediment to the discharge by the Attorney General of the duties imposed upon him by Section 1-234, as those duties are defined herein.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.