20410

Herman S. LANGFORD, for himself and all others similarly situated, Petitioner, v. Daniel R. McLEOD, Attorney General of South Carolina, Respondent.

(238 S. E. (2d) 161)

*Eugene C. Griffith* and *Thomas H. Pope,* of Newberry, *for Petitioner:*

*Daniel R. McLeod, Atty. Gen.,* and *A. Camden Lewis, Asst. Atty. Gen.,* of Columbia, *for Respondent:*

April 20, 1977.

*Per Curiam.*

This is a declaratory judgment action brought pursuant to § 10-2001 *et seq.*, 1962 South Carolina Code of Laws, in which petitioner asks the Court to declare the status, responsibility and duty of the Attorney General in representing municipal employees in civil actions arising out of official business in light of Article V, Section 20 of the South Carolina Constitution, Code Sections 1-234 and 17-2, and of the Code of Professional Responsibility. Petitioner alleges an inherent conflict of interest generated by the above mandates and seeks to have this Court prohibit the Attorney General from representing municipal employees in civil actions against them where such officials or employees are accused of committing acts which, if true, violate the criminal laws of the State. Petitioner further attacks Section 1-234 providing for representation of public officials on constitutional grounds.

This controversy arises as a result of the appearance and representation by the Attorney General of two defendants, Kenneth W. Riebe and W. B. Kitchen, individually and as City Manager and Building Official of the City of Newberry, in a civil action in the United States District Court for the District of South Carolina.[1] The Attorney General has answered and filed a counterclaim in tort on behalf of Riebe and Kitchen, whereby they seek monetary damages.

---

[1] *Herman S. Langford, Plaintiff v. Kenneth W. Riebe and W. B. Kitchen, individually and as City Manager and Building Official of the City of Newberry, and the City of Newberry, Defendants,* Civil Action No. 75-1514.

The complaint in federal court seeks injunctive relief and money damages for breaking and entering into petitioner-plaintiff's buildings, conversion, and harassment by the respondents. Plaintiff alleges that the conduct of Riebe and Kitchen could give rise to criminal prosecutions for breaking and entering, conversion and perhaps other criminal offenses. The Attorney General in his answer to the complaint in the action before this Court in its original jurisdiction, denies that Riebe and Kitchen may be prosecuted in a criminal action. The complaint in this action also alleges that Riebe and Kitchen have admitted that they cut, or caused to be cut, the lock from the door of one of plaintiff's buildings, entered therein and removed and threw away a quantity of stoves, refrigerators, lumber and other property belonging to plaintiff. Although the Attorney General denies such allegation, it is established by the answers given by Riebe and Kitchen in interrogatories filed in the federal suit.

Plaintiff-petitioner further seeks to bring this action as a class action in behalf of himself and others similarly situated by virtue of the Attorney General's representation of State officers and employees pursuant to Section 1-234.

On December 19, 1975 plaintiff in the federal court action filed his petition requesting our acceptance of original jurisdiction in this declaratory judgment action. We accepted original jurisdiction of this action and directed the serving of the complaint and that the defendant should answer or otherwise plead within twenty days. The complaint realleged the pertinent parts of the petition. The defendant's answer was duly served and filed.

The code sections and constitutional provisions involved read as follows:

"Article V § 20:

"The General Assembly may also provide by law for the selection, duties and compensation of appropriate officials to enforce the criminal laws of the State, to prosecute per-

sons under such laws, and to carry on the administrative functions of the courts of the State. The Attorney General shall be the chief prosecuting officer of the State with authority to supervise the prosecution of all criminal cases in courts of record.

"§ 1-234. *Defense of actions against public officers and employees.*—In the event that any officer or employee of the State, or of any political subdivision thereof, be prosecuted in any action, civil or criminal, or special proceeding in the courts of this State, or of the United States, by reason of any act done or omitted in good faith in the course of his employment, it is made the duty of the Attorney General, when requested in writing by any such officer or employee, to appear and defend the action or proceeding in his behalf. Such appearance may be by any member of his staff or by any solicitor or assistant solicitor when directed to do so by the Attorney General.

"§ 17-2. *Prosecuting officer not to accept fees, etc.*— No prosecuting officer shall receive any fee or reward from or in behalf of a prosecutor for services in any prosecution or business to which it is his official business to attend, *nor be concerned as counsel or attorney for either party in a civil action depending upon the same state of facts.*" (emphasis added)

In *State of South Carolina, etc. v. Snipes, et al.,* 266 S. C. 415, 223 S. E. (2d) 853 (1976), the Attorney General refused to represent a public official in a criminal prosecution on the grounds that his duties as chief prosecuting officer prevented him from representing the officials as requested. In *Snipes,* the local solicitor himself was the defendant in the criminal prosecution necessitating appointment of a special prosecutor by the Attorney General thereby involving the Attorney General directly in the prosecution by virtue of this appointment. The identical conflict of interest argument with respect to Article 5, § 20 and Section 1-234 was

raised there and the court held there was no inherent conflict of interest or unethical duties imposed on the Attorney General by those two sections. Our opinion in *Snipes, supra,* is dispositive of the conflict of interest issue, especially in view of the fact there is no actual prosecution in progress here but merely plaintiff's contention that prosecution is possible. The claim of a conflict of interest is even less appealing here than in *Snipes* because a prosecution had actually begun there.

To prevent undue repetition we refer to *Snipes*. It suffices to say here that because locally elected solicitors prosecute most cases, representation by Assistant Attorney General presents no conflict of interest *per se;* and if such a situation did arise, the trial judge is charged with appointment of counsel for either the State or the defense, or both, from the attorneys named in Section 1-234 of the 1962 Code of Laws.

Section 17-2 is potentially in conflict with Section 1-234 if the Attorney General were to be personally involved in an active prosecution at the same time he is representing the criminal defendant in a pending civil case. That is not the situation here. First, there is no active prosecution; second any further prosecution would, in all probability, be instigated and conducted by the local solicitor; and third, the Attorney General has undoubtedly delegated his duty to defend the city officials herein to an assistant.

Furthermore, Section 17-2 is clearly directed at the evil of a situation where the pecuniary interests of a prosecutor come in conflict with his official duties. That problem is not present here because the Attorney General has no pecuniary interest in representing the city officials.

Should a conflict materialize, the procedure outlined in *Snipes* is adequate to deal with the situation. (I. e. the trial judge can release the Attorney General and can appoint at-

torneys for either side from the attorneys named in § 1-234 of the Code.)

Petitioner further alleges that Code Section 1-234 denies him due process of law by pitting the power of and authority of the State against him in a civil action with which the State is not concerned and denies him vigorous prosecution of a criminal case against defendants because of prior defenses of them in the civil action arising out of the same facts. Petitioner's allegations of being denied a vigorous prosecution are mere speculation as he has not even alleged that he has sought criminal prosecution.

Petitioner further alleges that the Attorney General should not be able to prosecute the counterclaim for abuse of process and malicious prosecution in the civil suit as it is purely a private claim in which the State has no interest.

The office of Attorney General exists to properly insure the administration of the laws of this State. *State ex rel. Wolfe v. Sanders,* 118 S. C. 498, 110 S. E. 808 (1920). The Attorney General is concerned only with the vindication of public rights, not the infringement of private rights by individuals. See 7 Am. Jur. (2d) Attorney General, Section 12; 7 C. J. S. Attorney General § 8. The Attorney General has no standing to intervene in grievances not affecting the public interest. *Id.*

Malicious prosecution is an action *ex delicto* for the recovery of damages proximately resulting from a prosecution without probable cause and with malice; it is a *personal* tort. 54 C. J. S. Malicious Prosecution § 1; see also *Cisson v. Pickens Savings & Loan Association,* 258 S. C. 37, 186 S. E. (2d) 822 (1972). Abuse of process is the perversion of process for an unlawfully warranted end; it is nonetheless a *personal* tort. *Cisson v. Pickens Savings & Loan Association, supra;* see also 72 C. J. S. Process, § 119 *et seq.*

The Attorney General has no duty or right to institute a private right of action under the guise of a counterclaim. Whether the counterclaim is compulsory or permissive is inconsequential as it bears no weight on the issue of public concern. Section 1-234 was designed to protect public officers and employees from litigation expenses resulting from *prosecutions* arising out of the good faith execution of their duties. The statute neither authorizes nor intends that such persons should benefit from counsel at the public's expense for *personal* grievances even if the alleged injuries arose out of the course of the employment. There is no common law or statutory obligation on the part of the Attorney General to file a counterclaim for this defendant. A defense of this nature could be permitted, upon a proper showing to the Court, that it is primarily a defense mechanism.

Petitioner further attacks the constitutionality of Code Sections 1-234 and 1-234.1 on equal protection grounds alleging they contain arbitrary classifications of those to receive representation and enables arbitrary treatment of those within each class as it allows unfettered discretion by the Attorney General to decide who shall be represented. Petitioner is not a municipal employee, has not suffered because of the alleged arbitrary classifications, and has no standing to challenge Code Section 1-234 or espouse arguments in behalf of public employees for whose benefit the section was enacted.

Although petitioner purports or speaks for a class of those similarly situated, there has been no notice to class members nor showing that petitioner can properly protect the interests of all alleged class members.

For the foregoing reasons, the action fails to qualify as a class action. We further hold that the Attorney General may represent public officials in civil suits as well as criminal ones pursuant to Section 1-234 and that there are presently

no inherent conflicting or unethical duties imposed upon the Attorney General by Code Section 1-234 or 17-2.

LEWIS, Chief Justice (concurring) :

Where suit is brought against public officers, there is, in my opinion, no sound reason to hold that the Attorney General cannot file a counterclaim in their behalf. The right to enter a counterclaim in behalf of the officers is founded just as much in the statutory authorization as any other plea which proper representation would require that the Attorney General enter. I find nothing obnoxious to the statute in permitting the Attorney General, where proper, to recover for the officers the damages sustained by them in the performance of their public duties.

I would hold that the Attorney General has the right to enter a counterclaim in his representation of public officials; otherwise, I concur in the majority opinion.