753 S.E.2d 425

The STATE, Petitioner,

v.

Michael Morris LONG, Respondent,

and

The State, Petitioner,

v.

Paul Gwinn, Respondent.

Appellate Case No. 2013–001519.

No. 27347.

Supreme Court of South Carolina.

Heard Nov. 6, 2013.
Decided Jan. 8, 2014.

512

Attorney General Alan McCrory Wilson, Solicitor General Robert D. Cook and Deputy Solicitor General J. Emory Smith, Jr., all of Columbia, for Petitioner.

S. Jahue Moore, Jr., of Moore Taylor & Thomas, PA of West Columbia SC, for Respondents Michael Morris Long and Paul Gwinn.

Justice PLEICONES.

These cases ask whether the Attorney General has the authority to prosecute cases in magistrate and municipal court. We hold that the Attorney General, as the chief prosecuting officer for the State of South Carolina, has the authority to prosecute cases in magistrate and municipal courts.

## Facts

The Attorney General petitioned this Court to review two municipal courts' rulings addressing whether the Attorney General has the authority to prosecute criminal cases in magistrate and municipal courts.[1] This Court granted the request to consolidate the cases, stayed the lower court proceedings, and issued a writ of certiorari to review this issue.

The first case involves the prosecution of Paul Gwinn. The case was brought in the municipal court of Batesburg–Leesville and involves a Criminal Domestic Violence (CDV) charge under S.C.Code Ann. § 16–25–20(A) (Supp.2012). When the case was called for trial, Mr. Gwinn made a motion that the Attorney General could not prosecute the case because the municipal court was not a court of record, citing S.C. Const. art. V, § 24 (2009). The municipal court found that the Attorney General could prosecute the case.

The second case involves the prosecution of Michael Morris Long.[2] The case involves a CDV charge in municipal court for the city of West Columbia. Mr. Long moved to disqualify the Attorney General's office from prosecuting the case, arguing that the Attorney General is authorized to prosecute cases only in courts of record. The court granted the motion, ruling that the Attorney General did not have the authority to prosecute the case under art. V, § 24.

We granted certiorari to address whether the Attorney General may prosecute cases in summary courts.

### Discussion

█ The question before this Court is whether the Attorney General may prosecute cases in summary courts without violating art. V, § 24. We hold that art. V, § 24 authorizes the Attorney General to prosecute cases in summary courts.

Respondents contend that the plain language of art. V, § 24 limits the Attorney General's prosecutorial authority to "courts of record," and therefore, he or she is constitutionally

---

1. Magistrate and municipal courts will be referred to collectively as summary courts.

2. Both Mr. Long and Mr. Gwinn will be referred to collectively as Respondents.

prohibited from prosecuting cases in summary courts. We disagree.

Article V, § 24 reads in pertinent part:

... [T]he Attorney General shall be the chief prosecuting officer of the State with authority to supervise the prosecution of all criminal cases in courts of record.

When this Court is called to interpret our Constitution, it is guided by the principle that both the citizenry and the General Assembly have worked to create the governing law. *See Miller v. Farr,* 243 S.C. 342, 346, 133 S.E.2d 838, 841 (1963) (noting that the Constitution is construed in light of the intent of its framers and the people who adopted it). The Court will look at the "ordinary and popular meaning of the words used," *Richardson v. Town of Mount Pleasant,* 350 S.C. 291, 294, 566 S.E.2d 523, 525 (2002), keeping in mind that amendments to our Constitution become effective largely through the legislative process. *Miller,* at 347, 133 S.E.2d at 841. For this reason, the Court applies rules of construction similar to those used to construe statutes. *Fraternal Order of Police v. South Carolina Dept. of Revenue,* 352 S.C. 420, 574 S.E.2d 717 (2002).

Looking to the plain language, art. V, § 24 performs two functions. First, it firmly establishes the Attorney General as the chief prosecuting officer of the State of South Carolina for both criminal and civil proceedings. *See State ex rel. McLeod v. Snipes,* 266 S.C. 415, 419, 223 S.E.2d 853, 854 (1976) ("While [art. V, § 24] designated the Attorney General as the chief prosecuting officer for the first time ..."). Second, art. V, § 24 grants the Attorney General the authority to supervise prosecutions in "courts of record." [3] At issue here is only the

---

3. Magistrate and municipal courts are not courts of record. The General Assembly determines whether a court is a court of record. While the General Assembly has so designated the circuit court, probate court, family court, the court of appeals, and the Supreme Court, it has not so designated summary courts. *See* S.C.Code Ann. § 14–5–10 (1977) ("The circuit courts herein established shall be courts of record"); S.C.Code Ann. § 14–23–1120 (Supp.2012) ("The court of probate shall be a court of record"); S.C.Code Ann. § 63–3–20(C) (2010) ("The family courts shall be courts of record ..."); S.C.Code Ann. § 14–8–240 (Supp.2012) (recognizing the Court of Appeals as a "court of record"); S.C.Code Ann. § 14–3–410 (1977) ("The Supreme Court shall be a court of record ..."). Additionally, the General Assembly

Attorney General's ability to serve as a prosecutor, not his authority to supervise prosecutions.

■ Respondents argue that the use of the phrase "courts of record" demonstrates that the intent behind art. V, § 24 was to prevent the Attorney General from *prosecuting* cases in summary courts. Stated differently, the Respondents argue that absence of any mention of "summary courts" evidences intent that the Attorney General would not have authority in "summary courts."[4] We disagree. The only arguable limitation that the inclusion of "courts of record" in art. V, § 24 places on the Attorney General is in reference to his supervisory authority. The Constitutional Amendment's reference to *supervisory* authority in courts of record in no way describes or limits the Attorney General's authority to *prosecute* a case. *See Segars–Andrews v. Judicial Merit Selection Com'n*, 387 S.C. 109, 118, 691 S.E.2d 453, 458 (2010) (stating that constitutional provisions will not be construed to impose limitations beyond their clear meaning). Accordingly, we hold that art. V, § 24 does not prevent the Attorney General from prosecuting cases in summary courts.[5]

has designated magistrate proceedings "as summary." S.C.Code Ann. § 22–3–730 (2007) ("All proceedings before magistrates shall be summary ..."). Furthermore, the General Assembly has distinguished magistrate and municipal courts from courts of record. S.C.Code Ann. § 17–13–140 (2003) ("Any magistrate or recorder or city judge having the powers of magistrates, or any judge of any court of record ..."); S.C.Code Ann. § 1–9–70 (2005) (recognizing procedures for emergency interim successors for judges in "courts of record" and "courts not of record").

4. To the extent that Respondents argue that the General Assembly has limited the Attorney General's authority, the General Assembly may not limit the authority granted to the Attorney General through art. V, § 24. *State v. Thrift*, 312 S.C. 282, 440 S.E.2d 341 (1994) (discussing the grant of prosecutorial authority in art. V, § 24, "[t]his power arises from our constitution and cannot be impaired by legislation"). Accordingly, we do not address the statutory arguments raised by Respondents.

5. Moreover, Respondents' construction would lead to a plainly absurd result. This Court will construe a constitutional amendment in a similar manner as it does a statute. *Fraternal Order of Police, supra.* When construing a statute, this Court will reject a meaning when it would lead to a result so plainly absurd that it could not have possibly have been intended by the General Assembly or would defeat the plain

Furthermore, this Court has always regarded the Attorney General as the State's chief prosecuting officer with broad common law and statutory authority to prosecute any case on behalf of the State. *State ex rel. McLeod v. Snipes,* 266 S.C. 415, 419, 223 S.E.2d 853, 854 (1976) (recognizing the Attorney General as the chief "prosecuting officer of the state"); *see also See State ex rel. Condon v. Hodges,* 349 S.C. 232, 240, 562 S.E.2d 623, 627 (2002) (recognizing the Attorney General as the "chief law officer of the state"); *State ex rel. Daniel v. Broad River Power Co.,* 157 S.C. 1, 153 S.E. 537 (1929); *State ex rel. Wolfe v. Sanders,* 118 S.C. 498, 110 S.E. 808 (1920).

Finally, we have held that the enactment of art. V, § 24 represented no practical change in the Attorney General's authority, *Snipes,* 266 S.C. at 419, 223 S.E.2d at 854 (1976) ("While this constitutional provision designated the Attorney General as the chief prosecuting officer for the first time, it represented no practical change in the situation of the Attorney General from that which existed prior to the adoption of this provision of the Constitution in 1973"), and this Court acknowledged more than a century ago that the Attorney General may prosecute cases in summary court. *See State v. Nash,* 51 S.C. 319, 28 S.E. 946 (1898) (noting that the Attorney General may request a jury in magistrate court). In light of this Court's long standing recognition of the broad prosecutorial authority of the Attorney General and the limited practical effect art. V, § 24 had on that authority, we hold that art. V, § 24 does not expressly nor implicitly restrict the Attorney General from prosecuting cases in summary courts, and that as the "chief prosecuting officer" of the State of South Carolina, the Attorney General may prosecute cases in summary courts.

We therefore uphold the ruling of the municipal court of Batesburg–Leesville, reverse the ruling of municipal court for

---

legislative intention. *Kiriakides v. United Artists Commc'ns, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994). Respondents' reading of art. V, § 24 places the Attorney General as the chief prosecuting officer for the State but prevents him from prosecuting a CDV merely because the case is in summary court. We find that the framers could not possibly have intended that the chief prosecuting officer of the State cannot prosecute in summary court but a solicitor or a police officer can.

the city of West Columbia, lift the stay of the proceedings, and remand these cases to proceed in accordance with this opinion.

## CONSTITUTION CONSTRUED

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.