**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

George M. Hood, Appellant,

v.

Jasper County, Respondent.

Appellate Case No. 2015-000310

———————

Appeal From Jasper County
J. Ernest Kinard, Jr., Circuit Court Judge

———————

Opinion No. 2017-UP-355
Heard May 1, 2017 – Filed September 6, 2017

———————

**AFFIRMED**

———————

Nancy Bloodgood and Lucy Clark Sanders, both of Bloodgood & Sanders, LLC, of Mount Pleasant, for Appellant.

Christopher Wofford Johnson and T. Foster Haselden, both of Gignilliat Savitz & Bettis, LLP, of Columbia, for Respondent.

———————

**PER CURIAM:**  In this appeal arising from the termination of George Hood as the Deputy County Administrator of Jasper County, Hood appeals, arguing the trial court erred in: (1) holding article I, section 8 of the South Carolina Constitution does not apply to counties; (2) holding a county council operating under the council-administrator form of government can abolish the deputy county administrator position; (3) not addressing the propriety of Jasper County's budget amendment enacted midyear for the purpose of abolishing the county job position; and (4) holding a county council can terminate the employment of an employee who reports to the county administrator because he is an at-will employee.  We affirm.

1.      Hood argues the trial court erred in holding article I, section 8 of the South Carolina Constitution does not apply to counties.  When interpreting the state constitution, the appellate court applies rules of construction similar to those used to construe statutes.  *State v. Long*, 406 S.C. 511, 514, 753 S.E.2d 425, 426 (2014).  We agree with the trial court that Jasper County Council's actions did not violate the state constitution's requirement of separation of powers, and we adopt the trial court's order as to this issue.

2.      Hood argues the trial court erred in holding a county council operating under the council-administrator form of government can abolish the deputy county administrator position.  "The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."  *Lambries v. Saluda Cty. Council*, 409 S.C. 1, 10, 760 S.E.2d 785, 789 (2014) (quoting *Charleston Cty. Sch. Dist. v. State Budget & Control Bd.*, 313 S.C. 1, 5, 437 S.E.2d 6, 8 (1993)).  "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."  *Id.* at 10-11, 760 S.E.2d at 790 (quoting *Media Gen. Commc'ns, Inc. v. S.C. Dep't of Revenue*, 388 S.C. 138, 148, 694 S.E.2d 525, 530 (2010)).  We agree with the trial court that Jasper County Council had the authority to abolish the deputy county administrator position, and we adopt the trial court's order as to this issue.

3.      Hood argues the trial court erred in not addressing the propriety of Jasper County's budget amendment enacted midyear for the purpose of abolishing the county job position.  Hood asserts Jasper County never enacted an ordinance adopting a job description for the deputy county administrator position; thus, Jasper County's ordinance eliminating Hood's position is null and void and without effect.  As explained above, a county council has the authority to establish and

abolish positions.  The Jasper County Council voted to fund the position in 2011, which established the position.  The Jasper County Council also voted to defund the position in 2013, which eliminated the position.  Thus, these actions were within Jasper County Council's authority and are not null and void.

Hood also claims section 4-9-140 of the South Carolina Code (1986) establishes the fiscal year for counties as July 1 through June 30 of the following year and the statute requires counties to adopt budgets prior to the fiscal year; therefore, once a budget is adopted by ordinance and taxes are levied and collected, the budget is fully funded and any action taken midyear to eliminate funding is too late.  Hood is correct that section 4-9-140 gives Jasper County the authority to set its own budget.  That section also provides, "The provisions of this section shall not be construed to prohibit the transfer of funds appropriated in the annual budget for purposes other than as specified in such annual budget when such transfers are approved by the council."  S.C. Code Ann. § 4-9-140 (1986).  This court cannot question the wisdom of a council's budgetary decisions.  *See S.C. Pub. Interest Found. v. Judicial Merit Selection Comm'n*, 369 S.C. 139, 143, 632 S.E.2d 277, 278 (2006) ("[T]he courts will not rule upon questions which are exclusively or predominately political in nature rather than judicial.").

4.      Hood argues the trial court erred in finding a county council can terminate the employment of an employee who reports to the county administrator because he is an at-will employee.  Hood asserts the county administrator in a council-administrator form of government is the employer of county employees and can terminate any at-will employee; however, in this case, the county administrator did not terminate him.  We agree with the trial court that Jasper County Council could terminate Hood's employment, and we adopt the trial court's order as to this issue.

**AFFIRMED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**